UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

AMOS PETERS                                          CIVIL ACTION

versus                                               NO. 05-2507

DIAMOND OFFSHORE CO.,                                SECTION C
DIAMOND OFFSHORE
MANAGEMENT CO., DIAMOND
OFFSHORE DRILLING, INC. AND
AMERADA HESS CORP.

## ORDER

Before the Court is Plaintiff's Motion for Limine to exclude the testimony and report of

Defendant's expert, V. R. "Hoss" Ramke ("Mr. Ramke").  Plaintiff, Amos Peters ("Peters" or

"Plaintiff") asserts that the expert testimony and report do not comply with the Federal Rules of

Evidence, because the opinions are not based on the facts of the case, not within the expert's

fields of expertise and will not assist the trier of fact in reaching any conclusions.  Defendants

oppose the motion.  The motion is PARTIALLY GRANTED and PARTIALLY DENIED.


**I. Background:**

In the case at bar, Peters, a Jones Act Seaman, alleges that he injured his back while

working aboard a floating drilling rig owned by Defendant, Diamond Offshore Co. ("Diamond").

Peters claims that he and another employee were pulling "slips" used to keep drilling pipes

stable when he injured his back.  He alleges that there should have been three (3), rather than two (2), crewmen pulling the slips and that, as a result, Diamond breached its duty to provide a safe place to work.  Defendants offer Mr. Ramke as an expert witness to testify about safety standards in the drilling industry.


**II. Expert Witness Standard:**

Federal Rule of Evidence 702 governs the admissibility of expert testimony.  It states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.  Rule 702 was amended in 2000 to reflect the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). *Daubert* changed the criteria for the admissibility of expert testimony and charged trial courts to act as "gate-keepers" to ensure that the proffered testimony is both relevant and reliable. *Daubert*, 509 U.S. at 589, 592-93, 113 S.Ct. at 2795, 2796. *Kumho Tire* held that the relevant and reliable standard announced in *Daubert* for scientific expert testimony applied to all types of expert testimony. *Kumho Tire*, 526 U.S. at 147, 119 S.Ct. at 1171.

*Daubert* provides a two-prong test for the trial judge to determine the admissibility of expert testimony. The court  "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to

understand or determine a fact in issue." *Daubert*, 509 U.S. at 592, 113 S.Ct. at 2796. Both

prongs of the *Daubert* test must be satisfied before the proffered expert testimony may be

admitted. *Id*. at 595, 113 S.Ct. at 2796. This analysis "entails a preliminary assessment of

whether the reasoning or methodology underlying the testimony is scientifically valid and of

whether that reasoning or methodology properly can be applied to the facts in issue." *Id*.  Thus,

the first prong of *Daubert* focuses on whether the expert testimony is based on a reliable

methodology. In determining an expert's reliability, the Court's focus  "must be solely on

principles and methodology, not on the conclusions that they generate." *Id*. at 595, 113 S.Ct. at

2797. Several factors which may be considered in determining the soundness of the scientific

methodology include: (1) whether the theory or technique can be and has been tested; (2)

whether the theory or technique has been subjected to peer review and publication; (3) the

known or potential rate of error and the existence and maintenance of standards; and (4) whether

the theory or technique used has been generally accepted. *Id*. at 593-94, 113 S.Ct. at 2796-97.

These factors do not constitute a definitive checklist or test. *Kumho Tire*, 526 U.S. at 144, 119

S.Ct. at 1175.  Instead, they compose a nonexclusive, flexible test to ascertain the validity or

reliability of the methodology the expert employed.  *Id*.  The applicability of each factor depends

on the particular facts of the case. *Id.*

   The second prong,  whether the proposed testimony will assist the trier of fact to

understand or determine a fact in issue, goes primarily to the issue of relevancy.  *Daubert*, 509

U.S. at 591,  113 S.Ct. at 2795.  *Daubert* describes this examination as a question of whether

expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid

the jury in resolving a factual dispute.  *Id*., *citing United States v. Downing*, 753 F.2d 1224, 1242

(3rd Cir.1985). As noted in *Cunningham v. Bienfang*, 2002 WL 31553976 (N. D. Tex. Nov.15,

2002), Federal Rule of Evidence 401 defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Expert testimony is not relevant and thus inadmissable if it is not helpful.  "Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier."  *Peters v. Five Star Marine*, 898 F.2d 448, 450 (5th Cir. 1990).  "The Court in *Peters* ruled that it is within the discretion of the trial judge to decide "that the jury could adeptly assess the situation using only their common experience and knowledge," and thus exclude expert testimony on that basis.  If the expert's testimony brings no more to the jury than the lawyers can offer in argument, the expert's opinions should be excluded.  *In re Midland Enterprises, Inc.*, 2002 WL 31780156 at *3 (E.D. La. Dec. 11, 2002).

When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to present the testimony.  *Moore v. Ashland Chemical, Inc.,* 151 F.3d 269 (5th Cir.1998).  To meet this burden, defendants cannot simply rely on their expert's assurances that she has utilized generally accepted scientific methodology.  Rather, some objective, independent validation of the expert's methodology is required.  *Id.*  Nonetheless, in *Scordill v. Louisville Ladder Group, L.L.C.*, 2003 WL 22427981 (E.D.La. October 24, 2003), the Court noted that "its role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system.  As the *Daubert* Court noted, '[vigorous cross- examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means fo attacking shaky but admissible evidence.'" *Id*. at *3 (internal citations omitted).  As a general rule, questions relating to the bases and sources of an expert's opinion

rather than its admissibility and should be left for the jury's consideration. *United States v. 14.38 Acres of Land, More or Less S. in County, Miss.* 80 F.3d 1074, 1077 (5th Cir. 1996), *citing Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir.1987). With these parameters in mind the Court will now term to the substantive motions.

**III. Analysis**:

The Plaintiff seeks to exclude the testimony and report of Defendant's expert, Mr. Ramke.  The Plaintiff claims that Mr. Ramke's testimony is inadmissible under Federal Rules of Evidence 104, 401, 402, 403 and 702, because his opinions are not based on the facts of the case, are not within his fields of expertise and training and will not assist the trier of fact.  Plaintiff also claims that Mr. Ramke's report and anticipated testimony involve matters which are within the knowledge or experience of laymen and that expert testimony is unnecessary.  To support the motion in limine, Plaintiff claims that Mr. Ramke is, at best, qualified to testify as a general safety expert.  Plaintiff also states that Mr. Ramke should have some experience on a rig or vessel.

In their opposition to the motion in limine, Defendants argue that Mr. Ramke is qualified to testify as an expert on drilling industry safety.  They point to his credentials in that field. Also, Defendants claim that the case involves procedures and operations particular to the drilling industry with which laymen would not be familiar.  To support their claims, Defendants cite a decision of this Court which allowed Mr. Ramke to testify as an expert in drilling industry safety.  *Parker v. Diamond Offshore Co., et. al*, 2006 WL 861185 (E. D. La. March 23, 2006).

In *Parker*, the Court examined Mr. Ramke's experience in the drilling industry.  Judge Vance found that his experience, which includes nine (9) years as the personnel and safety

5

director for Sea Drilling, four (4) years as the safety director for Pernod Drilling, Fourteen (14) years as the safety manager for Teledyne Movilbe Offshore, and fourteen (14) years as the owner of his own petroleum industry consultancy, was enough to make him familiar with the safety issues and drilling equipment which were the subject of that case. *Parker,* 2006 WL 861185, *3 (E. D. La. March 23, 2006). Furthermore, Judge Vance thought that Mr. Ramke's testimony would be beneficial to understanding the specialized field of drilling safety. Drilling equipment and rig safety are also the subjects of the case at bar. Similarly, Mr. Ramke's testimony would aid the trier of fact in understand these complex areas.

As a result, the Court finds that Mr. Ramke may testify as to his experience, the documents he reviewed, his findings and opinions regarding the pulling and setting of slips, his assessment of the various I. A. D. C. standards and his appraisal of Diamond Drilling, Inc.'s training program. On the other hand, he may not testify as to Mr. Peters' employment history, the alleged incident, the weather conditions, Mr. Peters' deposition testimony, nor give an overall opinion as to whether Diamond Offshore Drilling was or was not negligent.


III. **Conclusion**

**IT IS ORDERED** that Plaintiff's Motion in Limine to exclude the expert testimony of V.R. "Hoss" Ramke is **PARTIALLY GRANTED AND PARTIALLY DENIED**.

New Orleans, Louisiana, this 31st day of August, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE